## WALTER B. NIVEN v. UNION TRUST AND HUDSON COUNTY NATIONAL BANK.

Decided February 24, 1927.

**Contracts — Employment — Accountants — Defendant Disputed Charges Alleging Imperfect Work—Interrogatories Served by Plaintiff, One of Which Defendant Refused to Answer— Upon This Refusal Trial Court Refused to Admit Defendant's Testimony Relating to the Subject—Held, Error; That the Interrogating was Improper as One Prying Into Case of Defendant.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *James D. Carpenter, Jr.*

*Contra, Chester W. Fairlie.*

PER CURIAM.

The plaintiff is the assignee of Marwick, Mitchell & Company, public accountants. The latter were employed by the defendant company in October, 1922, to make a list of the assets of the Union Trust Company and the Hudson County National Bank, so that an appraisal committee of both banks could therefrom properly appraise the value of such assets and take charge thereof for the purpose of turning them over to the defendant bank, which was about to be formed through the consolidation of the two corporations above named. The plaintiff brought the present suit to recover the value of the services claimed to have been rendered by his assignors in making the list of assets referred to, and averred that the value of these services was $4,409. The defendant, in its answer to the plaintiff's complaint, admitted the employment of his assignors, but denied liability to the extent claimed,

upon the ground that there were errors, omissions and inaccuracies in the report submitted by the accountants, which tended very materially to reduce the value of the service which was the foundation of the present suit.

Subsequent to the filing of the answer the plaintiff served upon the defendant the following interrogatory: "If there were errors, omissions or inaccuracies in any of the statements, schedules and reports submitted by Marwick, Mitchell & Company to defendant, or to either of said consolidating banks, what such errors, omissions or inaccuracies existed therein, specifying with particularity each and every such error, omission or inaccuracy claimed by you to have been discovered therein." The defendant answered this interrogatory as follows: "Defendant is advised that it is not required to make answer to this interrogatory."

In this situation, the cause went to trial, and when the defendant opened its case the plaintiff moved to suppress all testimony on the part of the defendant bearing upon the subject-matter of the interrogatory. The court granted this motion, and refused to permit any testimony upon this branch of the case to be introduced by the defendant.

The trial resulted in a verdict for the plaintiff, the jury awarding him the full amount of his claim.

The principle ground upon which we are asked to make the present rule absolute is that the action of the trial court in suppressing the testimony referred to constituted legal and harmful error. We think the defendant right in this contention. The interrogatory was improper, and the defendant was therefore under no legal obligation to answer it. Its manifest sole purpose was to pry into the case of the defendant. This, our courts have frequently held, is not the function of an interrogatory. *Watkins* v. *Cope*, 84 N. J. L. 143, and cases cited. If the plaintiff had desired further particulars with relation to this part of the defense, he should have demanded a specification of those particulars.

For the reason indicated, the rule to show cause will be made absolute.