ALMA BACKEL, PLAINTIFF, v. JOHN V. LINN, DEFENDANT.

Argued October 6, 1927—Decided January 30, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff, *Peter J. McGinnis.*

For the defendant, *Runyon Colie.*

The opinion of the court was delivered by

PARKER, J. This is an action of tort. The cause being at issue, plaintiff desired to examine the defendant as a witness before trial pursuant to sections 144, *et seq.,* of the Practice act of 1903. *Comp. Stat., pp.* 4098, 4099. Section 144 was amended in 1924. *Pamph. L., p.* 183. In the absence of a justice of this court, and of a judge of the Circuit Court, plaintiff applied to the judge of the Common Pleas in the county where the venue was laid, and obtained from him an order for examination before a master in Chancery, at a stated time and place. Defendant appeared with his counsel, and in the course of the examination refused, by advice of counsel, to answer certain questions propounded. The facts being laid before the justice of this court holding the Circuit, by petition duly verified, he made a rule on the defendant and his attorney to show cause before him why they should not be judged in contempt, which rule was afterwards continued to the regular term of this court.

For the respondents the point is made that in an examination of this kind the party examined as a witness will not be in contempt for refusing to answer a question challenged by his counsel as improper, nor will his counsel be in contempt for directing such refusal, unless and until the court or a judge thereof has directed that the particular question be answered, and on a careful examination of the statute and such decisions as bear on the subject we conclude that the point is well taken.

The statute in question was first enacted in this state in 1869. *Pamph. L., p.* 1229, § 1, provides that the examination shall be had only upon an order of a justice of the Supreme

Court, and when so ordered shall be before any justice of the Supreme Court or before a Supreme Court commissioner. Section 4, the prototype of section 146 of the Practice act of 1903, prescribes the method of examination, and contains the following significant clause, particularly applicable to an examination before a commissioner, or, under the present act, a master in chancery:

"Any question may be objected to and the answer taken subject to the objection, or if the party refuse to answer, any justice of the Supreme Court shall compel the party to answer the same, if the party examining is legally entitled to have the same answered."

The act of 1869 was carried into the Practice act of 1874 (Rev., §§ 159 to 166, inclusive), and the clause quoted appears without change in section 162. It remains unchanged in section 146 of the revised act of 1903 (*Comp. Stat., p.* 4099), and remains the law to this day. It is noteworthy that until section 144 was amended in 1915 (*Pamph. L., p.* 151), so as to permit an examination at the mere instance of a party and without order of a judge, there appears to be not a single decision in our reports bearing on the point now raised. But in our own experience at the bar and on the bench, the practice has been uniformly to report the refusal to answer before a commissioner to a judge of the court, and obtain his ruling on the propriety of the question or questions; after which, answer would be made or not, according to the ruling. Such practice was in line with the final clause of section 144, first introduced, as we think, in 1903, viz., "such attendance and examination may be enforced in the same manner as answers to interrogatories." On that phase of the matter we have the unofficially reported decision of *Niven* v. *Union Trust, &c.,* 136 *Atl. Rep.* 334; 5 *N. J. Mis. R.* 291. In that case the defendant refused to answer an interrogatory before trial, and that refusal was not directly reviewed by a judge. At the trial plaintiff sought to suppress all testimony bearing on the subject-matter of the interrogatory, and the trial court so ruled, but this was reversed on motion for a new trial on the ground that the interrogatory was improper, and that defendant was under no legal

obligation to answer it. The question of contempt was not suggested, but the court proceeded as of course to examine the interrogatory on its merits, and, finding it was improper, ordered a new trial, because ·the trial court had wrongly suppressed evidence which should have been admitted.

Section 144 of the Practice act of 1903 has been twice amended. The amendment of 1914 (*Pamph. L., p.* 151) abrogated the requirement of a court order for the examination and made the service of a subpœna at the mere instance of a party sufficient. Sections 145 and 146 remained unchanged. The amendment was held constitutional in *Epslein* v. *American, &c., Co.,* 95 *N. J. L.* 391. In that case the party refused to answer certain questions, and there was a motion to adjudge in contempt. The court held that in the absence of a court order there could be no contempt, saying, "the obvious difficulty of compelling compliance with the legislative intent in the situation is due to the absence of a court order, in the first instance, or the propounding by examining counsel of certain specific' questions, which upon the witness' refusal to answer may be submitted to the court, and after argument *pro* and *con* as to the legal relevancy of the same, an order may be made, which, if contemned, may present the basis for a rule to show cause, without such an order an application in this case is premature, and must be denied." Such was the practice followed in *Deak* v. *Perth Amboy Gas Light Co.,* 1 *N. J. Mis. R.* 457, in which the late Mr. Justice Bergen, a practitioner of long experience, reviewed a refusal to answer questions in an examination of this character.

The two cases last considered may be criticized as not wholly in point because based on the act of 1915, which dispensed with a court order for examination, and while there in an allusion to this fact in the Epstein case, *ubi supra,* the decision is still relevant. However, the controlling fact in our estimation is that the statute itself expressly contemplates a refusal to answer as something to be anticipated, and provides that answer may be compelled by the court or a judge "if the party examining is legally entitled to have an answer." Such language, as we read it, is utterly inconsistent with the

notion, seriously asserted in this case, that the mere making of an order for examination is *per se* an adjudication before the fact, that an opposing party haled before a commissioner or master is required, on peril of contempt, to answer any question put to him, relevant or irrelevant, competent or incompetent. Our view is that when the party is not examined before the judge himself, if he or his counsel deem a question improper, then, as the commissioner or master is not clothed with the judicial power of compelling an answer, the party may refuse for the time being to answer, and the court or a judge is then to decide on the propriety of the question.

As a rule, reputable counsel when in court, or even before a commissioner, will refrain from putting questions plainly incompetent, and from advising their clients to refuse an answer to questions unless they are plainly incompetent, and cases in which the parties reach an *impasse* on such an issue are too few to be of importance. When they do occur, the remedy is the extremely simple, if somwhat inconvenient one, of the judge taking over the examination himself, and when this is done the trouble vanishes at once. But, normally, the purposes of justice are subserved by an appeal to the judge, who will pass on contested questions and give the parties the benefit of his view of the situation. Such a course, as we view the matter, is the plain intendment of section 146 as well as the practice followed for many years.

The conclusion from what has been said is that the respondents cannot be adjudged in contempt until there has been a refusal to answer some question ruled proper by this court or a justice thereof, and which the defendant has been specifically directed by the court or a judge to answer.

The rule to show cause will be discharged.